# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF WISCONSIN

FILED/REC'D
2026 MAR -4 A 9:38

**I.    PARTIES**

**Gregg Shiver Pro Se**

**Plaintiff,**

26-cv-185-jdp

v.

**Defendants.** | **CASE NO.:** (To be assigned by the Clerk) | **JURY TRIAL DEMANDED**

**Eau Claire County, Assistant District Attorney Luara Lee Clark; Officer Douglas Bagaro; Judge Michael Schumacher; Kassie M. Beebe; Trish Lambert Nursing Staff / Mental Health Providers; Julie M. Zwiers; Ellen Silverling; Kelsy Mae Silverling; Jaclene Elizabeth Newell; and Jailers/Supervisors (11-15), Sgt. Otto, Lt. Travis Holbrook, Cpt. Dave Riewestahl,**

1. Plaintiff, Gregg Shiver, is a citizen of the State of Wisconsin residing at 2610 Trindal Street, Eau Claire, Wisconsin 54703.
2. Defendants, at all times relevant, were employees or officials of Eau Claire County, Wisconsin, or the Wisconsin judicial system, acting under cover of state law. They are sued in their individual and official capacities.
    a. Defendant Laura Lee Clark (Prosecutor/DA).
    b. Defendant Officer Douglas Bagaro (Jail Staff).
    c. Defendant Judge Michael Schumacher (Circuit Court Judge).
    d. Defendant Kassie Bebee (Court Reporter/Transcriptionist).
    e. Defendant Trish Lambert (Legal Specialist II, Clerk's Staff).

   f. Defendant Julie M. Zwiers (Supervisor/Staff).
   g. Defendants Ellen Silverling, Kelsey Mae Silverling, and Jaclene Elizabeth Newell (Mental Health Providers/Staff).
   h. Defendants Nursing Staff (1-5) (Medical Personnel).
   i. Defendants Jailors/Staff (11-15) (Jail Personnel responsible for custody and oversight).

## II. STATEMENT OF CLAIM

The claims contained herein arise from the Plaintiff's incarceration at the Eau Claire County Jail from July 18, 2022, to March 6, 2023. At all times relevant to the deprivations detailed below, Plaintiff was a **pretrial detainee** who had not been convicted of any crime.

## A. Unlawful Enforcement and Due Process Violations

1. On or about July 26, 2022, at approximately 2:30 PM, the **Plaintiff** appeared before Defendant Judge Michael Schumacher in Eau Claire County Circuit Court.
2. During the hearing, Defendant Laura Lee Clark proposed a motion seeking an Order to ban the Plaintiff from all communications, including visits, mail, and phone calls, based on alleged court order violations.
3. Defendant Judge Schumacher explicitly **denied the motion in open court**, stating, **"I'm not going to do that,"** and laughing as he rejected the proposed ban.
4. Despite the denial in open court, on or about July 27, 2022, jail staff (Defendants: Officer Douglas Bagaro, Sgt. Otto. Lt. Travis Holbrook, Cpt. Dave Riewestahl) presented the Plaintiff with a copy of the communication ban order that had been signed and enforced.
5. When the Plaintiff protested, informing the Jailers that Judge Schumacher had denied the motion, the Jailers laughed and confirmed the order would be enforced regardless of the Judge's ruling.

6. The unlawful enforcement of this void Order resulted in the immediate and severe deprivation of the Plaintiff's liberty interests, which directly impacted his ability to defend against the underlying criminal charges (Eau Claire County Case Nos. 22 CF 807, 22 CF 1190, 22 CF 617, and 22 CF 999), including:
    a. The complete banning of all visits, mail, and phone calls.
    b. The denial of essential inmate privileges, including use of an Inmate ID number, kiosk/tablet access, canteen ordering, and the ability to access law books necessary to investigate his case and prepare a defense.
    c. The absolute denial of the ability to communicate with any attorney regarding his criminal case.

## B. Deliberate Indifference to Serious Medical Needs (Seizures and Records Mismanagement)

7. Plaintiff suffers from severe medical conditions, including seizures, bipolar disorder, borderline personality disorder, and severe depression, all requiring daily medication.
8. Upon intake, and continuously thereafter, Plaintiff and his wife notified the Nursing Staff (Defendants 1-5) and Mental Health Staff (including Ellen Silverling, Kelsey Mae Silverling, and Jaclene Elizabeth Newell) that Plaintiff required immediate access to his seizure and mental health medications, which his wife had already dropped off.
9. Medical Staff refused to administer the medication, citing an **"expired"** status and claiming a Release of Information (ROI) was required to contact Plaintiff's outside physicians.
10. The Plaintiff has documentary proof that records from Prevea Health regarding his behavioral health were printed on August 5, 2022, and mailed to the facility. These records were readily available to the Defendants.
11. Despite the records being available, Mental Health Provider Kelsey Mae Silverling only uploaded the medical documentation to the ERRA system on August 18, 2022,

and the records were officially updated on September 9, 2022. This delay proves knowledge of the records and a reckless delay in treatment.

12. The processing of the ROI and the provision of medication were intentionally, recklessly, or negligently delayed and ignored by the Defendants' Nursing Staff and Mental Health Staff, resulting in the Plaintiff receiving none of his necessary medication until 2023.

13. On or about July 29, 2022, the Plaintiff wrote a letter to the Clerk of Courts and the Judge's Clerk notifying them of the discrepancy between Judge Schumacher's oral denial of the motion and the subsequent enforcement of a signed order **(the core Due Process violation)**.

14. On or about July 31, 2022, Defendant Trish Lambert (Legal Specialist II, Clerk's Staff) responded to the Plaintiff's letter, acknowledging the inquiry regarding the signed order, but stating only that the letter had been "forwarded... on to Judge Schumacher."

15. This exchange confirms that both the Clerk's office and the Judge were put on actual notice of the ongoing deprivation of the Plaintiff's rights before the retaliatory events.

16. Plaintiff attempted to resolve the unlawful order and medical denial by filing at least ten (10) formal grievances and writing to Sergeants, Captains, Lieutenants, and the Sheriff, informing them that their actions violated jail policy, and his Eighth, and Fourteenth Amendment rights. The facts of the deprivations described herein are corroborated by three (3) written statements provided by fellow inmates.

17. In direct retaliation for exercising his right to complain (First Amendment), jail staff (including Julie M. Zwiers and Defendants engaged in a pattern of harassment, torment, and ridicule, issuing retaliatory criminal charges against him, and subjecting him to the three-month punitive isolation immediately after sending the notice to the courts.

## C. Continued Indifference, The August 30th Incident, Punitive Isolation, and MRSA

18. Due to the denial of essential medication, Plaintiff suffered at least three confirmed seizures during his incarceration before the August 30th incident.
19. Before August 30, 2022, the Plaintiff provided written documentation on 8/5/22 and 8/12/22 to the nursing and mental health staff, informing them that the denial of his medication was causing severe psychological distress and making him feel he **"was going to fight,"** thereby putting Defendants on notice of the acute danger of their neglect.
20. Plaintiff repeatedly informed Nursing Staff, Mental Health Staff, and Command Staff **(through written grievances)** that he is being deprived of his constitutional rights, and that the band of his Communications is not valid. He informed them "That all they have to do is check with the clerk of courts, the judges' Clerk, or look at the transcripts, or do something". They can see for themselves, or let me talk to someone, or why am I not getting an inmate ID, or can they please explain it to him why am I not getting all the other rights all the other inmates are getting?"
21. In response, the nursing staff refused to administer the medication, justifying the refusal on the new pretext that Plaintiff had not been taking the drug "consistently" outside of the facility. This refusal to treat based on history, while the individual is in crisis and isolation, constitutes continued deliberate indifference.
22. On or about August 30, 2022, the Plaintiff was involved in a physical altercation, directly resulting from the psychological distress and medical neglect detailed in Section B, stemming from the Plaintiff's efforts to protect a vulnerable veteran inmate, during which the Plaintiff was repeatedly struck with a heavy plastic chair.
23. The other inmate involved in the altercation was taken to the emergency room for medical attention, while the Plaintiff's medical needs were ignored.
24. Following the altercation, Plaintiff was immediately placed in solitary confinement **("The Hole")** for approximately three (3) months (approx. August 30, 2022, to

November 30, 2022). This isolation, as applied to a pretrial detainee, was not reasonably related to a legitimate non-punitive governmental objective and thus constitutes unconstitutional punishment.

25. During this period of punitive isolation, Plaintiff developed a severe, painful infection identified as MRSA (Methicillin-resistant Staphylococcus aureus).
26. Defendants, Nursing Staff, and Jail Staff were notified of the MRSA infection and the urgent need for medical care. Still, they denied and withheld necessary treatment for the serious infection for an extended period.
27. This severe denial of care for MRSA, combined with the three-month punitive isolation, constitutes an extreme form of cruel and unusual punishment, directly violating the Eighth and Fourteenth Amendments.
28. This entire incident, including the altercation and the movement of the Plaintiff, was captured on video, which is expected to corroborate the plaintiff's account.
29. Jail staff subsequently manipulated documentation and treatment protocols to portray the Plaintiff in a negative light, consistent with the pattern of retaliation described below.

## COUNT I: Unconstitutional Conditions of Confinement and Deliberate Indifference to Serious Medical Needs (14th Amendment, per Farmer v. Brennan).

Defendants Nursing Staff (1-5), Mental Health Staff (including Ellen Silverling, Kelsey Mae Silverling, and Jaclene Elizabeth Newell), and Supervisory Staff (including Julie M. Zwiers) acted with deliberate indifference to the Plaintiff's serious medical and mental health needs. Deliberate indifference is established because the Defendants were aware of the excessive risk (seizures, psychological distress leading to fighting, MRSA infection) and consciously disregarded that risk, as demonstrated by: (a) the reckless delay in processing critical medical records, which were available on 8/18/22, yet medication was withheld until 2023; (b) the written notice of the likelihood of fighting (Paragraph 14); (c) the pretextual refusal to provide medication (Paragraph 19); and (d) the denial of treatment for

MRSA while in isolation. These actions constitute unconstitutional punishment in violation of the Fourteenth Amendment, as applied under the subjective standard outlined in **Farmer v. Brennan, 511 U.S. 825 (1994)**.

## COUNT II: Procedural Due Process Violation and Unlawful Punishment (14th Amendment, Bell v. Wolfish Standard)

All Defendants involved in the unlawful enforcement of the communication ban order violated the Plaintiff's right to Procedural Due Process by depriving him of protected liberty interests (communication, access to counsel, access to courts, and legal resources) based on a court order explicitly denied by the presiding Judge. The resulting isolation and denial of legal materials were punitive in nature and violated the Fourteenth Amendment's prohibition against punishing a pretrial detainee.

## COUNT III: Retaliation and Violation of the Right to Access Courts (1st and 14th Amendments)

Defendants, Jail Staff, and Command Staff (including Julie M. Zwiers) violated the Plaintiff's First Amendment rights by retaliating against him (through torment, charges, and three months of isolation) for filing grievances and notifying them of constitutional violations. Defendants Clerk of Courts Kassie Beebe and Clerk's Staff Trish Lambert also violated the Plaintiff's right to Access Courts by participating in the clerical enforcement of the void order and failing to take corrective action despite receiving express notice of the constitutional violation.

### III.   JURISDICTION

This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation of the Plaintiff's rights, privileges, and immunities secured by the Constitution of the United

States, including the Eighth and Fourteenth Amendments. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331.

## IV.    CAUSES OF ACTION

Plaintiff was a pretrial detainee during the period of deprivation (July 18, 2022, to March 6, 2023). Accordingly, the conditions of his confinement are primarily analyzed under the **Due Process Clause of the Fourteenth Amendment,** pursuant to the standard established in **Bell v. Wolfish, 441 U.S. 520 (1979),** which prohibits the punishment of pretrial detainees. The deprivations detailed below were not reasonably related to a legitimate governmental objective and therefore constitute unconstitutional punishment. Furthermore, the deliberate indifference claims (Count I) are governed by the subjective standard of fault.

1. **Compensatory Damages** for physical injuries (seizures and MRSA infection), severe emotional distress, and pain and suffering in an amount to be determined at trial.
2. **Punitive Damages** against all Defendants in their individual capacities for their malicious, reckless, and wanton disregard of the Plaintiff's constitutional rights, in an amount to be determined at trial. $1,000,000
3. **Costs of suit,** including all filing fees. $10,000

**E. JURY DEMAND**

Jury Demand - I want a jury to hear my case _X_ OR.

Court Trial - I want a judge to hear my case ____

Dated this day of 20 _26_, _3-2_

Respectfully Submitted, _Gregg Shiver Sr_

Signature of Plaintiff _Gregg Shiver Sr_

Plaintiff's Telephone Number _715-302-4678_

Plaintiff's Email Address _Shiversrg@gmail.com_

(Mailing Address of Plaintiff)

_2610 Trindal Street_

_Eau Claire, WI 54703_

(If more than one plaintiff, use another piece of paper).

REQUEST TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING THE FILING FEE.

I DO _X_ request that I be allowed to file this complaint without paying the filing fee. I have completed a request to proceed in the district court without prepaying the fee and attached it to the complaint.

I DO NOT ____ request that I be allowed to file this complaint without prepaying the filing fee under 28 U.S.C. § 1915, and I have included the full filing fee with this complaint.