IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

GREGG SHIVER,

Plaintiff,

v.

LAURA LEE CLARK, OFFICER DOUGLAS BAGARO, JUDGE MICHAEL SCHUMACHER, KASSIE M. BEEBE, TRISH LAMBERT, JULIE M. ZWIERS, ELLEN SILVERLING, KELSEY MAE SILVERLING, JACLENE ELIZABETH NEWELL, NURSING STAFF (1–5), JAILORS/STAFF (11–15), SGT. OTTO, LT. TRAVIS HOLBROOK, and CPT. DAVE RIEWESTAHL,

Defendants.

OPINION and ORDER

26-cv-185-jdp

Plaintiff Gregg Shiver alleges that defendants, mostly court and jail staff, have violated his civil rights in several ways. Because Shiver proceeds without prepaying the filing fee, I must screen the complaint under 28 U.S.C. § 1915(e)(2)(B). I will dismiss the complaint because it improperly joins defendants, but I will allow Shiver to amend the complaint to fix this problem.

## ALLEGATIONS OF FACT

Shiver is no longer incarcerated, but the events at issue occurred when he was a pretrial detainee at the Eau Claire County Jail. From what I can discern, Shiver alleges at least seven claims for relief against multiple defendants based on mostly different events. I will briefly summarize these claims.

**Claim 1**: Jail staff violated Shiver's due process rights by enforcing a nonexistent court order that prohibited him from contacting certain persons.

**Claim 2**: Defendants retaliated against Shiver because he complained about jail staff's enforcement of the nonexistent court order.

**Claim 3**: Medical staff withheld necessary medical care by delaying or denying Shiver's receipt of anti-seizure and psychotropic medications prescribed by outside providers.

**Claim 4**: Medical staff withheld necessary medical care because Shiver complained about jail staff's enforcement of the nonexistent order.

**Claim 5**: Medical staff denied Shiver medical care by failing to transport him to the hospital after a prisoner hit him in the head with a chair.

**Claim 6**: Shiver was unlawfully placed in segregation after the prisoner hit him in the head with a chair.

**Claim 7**: Medical staff denied Shiver medical care by failing to treat an infection that he developed in segregation.

## ANALYSIS

Under Federal Rule of Civil Procedure 20(a)(2), a plaintiff may join multiple defendants only when the claims arise from the same set of events and share a common question of law or fact. Courts may consider whether the plaintiff has improperly joined defendants when screening a complaint. *See Mitchell v. Kallas*, 895 F.3d 492, 502–03 (7th Cir. 2018). Also, "[a] complaint based on a theory of collective responsibility must be dismissed." *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013).

Shiver has improperly joined multiple defendants in a single lawsuit. Shiver alleges several claims against multiple defendants based on mostly unrelated events. Shiver tries to tie some of these distinct events together in two ways. First, he alleges that he was retaliated against because he complained about a nonexistent court order. But Shiver's bare allegations of being targeted by jail staff don't supply the necessary factual relationship among Shiver's various claims. *See Brueggen v. La Crosse Cnty. Jail*, 24-cv-477-jdp, Dkt. 11 at 3. Second, Shiver alleges that individuals collectively (e.g., "defendants," "jail staff," "medical staff") violated his rights, but it's implausible in the complaint's full context that each member of the grouped defendants participated in each action or omission underlying his claims. In short, Shiver's bare allegations of retaliation and theory of collective liability don't cure the improper joinder.

Because Shiver attempts to proceed on various claims based on multiple incidents involving many different, but at times overlapping, defendants, it is impracticable to sever his complaint into separate lawsuits or dismiss the improperly joined defendants. *See Williams v. Foster*, No. 19-cv-1697, 2021 WL 148798, at *5 (E.D. Wis. Jan. 15, 2021). I will instead order Shiver to file an amended complaint that fixes this problem. Shiver may not be able to bring all of his claims in a single lawsuit; it will be up to him to sort out which claims belong together and which he may want to pursue.

## CONCLUSION

I will give Shiver a final chance to amend his complaint to fix the problems identified in this order. I will order Shiver to file his amended complaint on the court's nonprisoner complaint form, which the court will send him with this order. Shiver must fill out the form completely. If Shiver needs more space to allege his claims, he may submit no more than five

supplemental pages. Any text or handwriting on the form or a supplemental page must be large enough and have enough spacing between the lines and in the margins for the court to read it easily. For reference, Shiver's original complaint meets this standard, but he should not use any smaller text or tighter spacing.

In drafting the amended complaint, Shiver should be mindful that to state a claim, a pleading must contain "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Shiver's allegations must be "simple, concise, and direct." Fed. R. Civ. P. 8(d). Shiver should state his allegations in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Shiver should identify the claims he wishes to bring in the amended complaint, but he should omit any legal arguments.

Shiver should carefully consider whether he is naming proper defendants, which means that he should omit defendants who did not personally participate in or cause a violation of his federal rights. Shiver must explain what each defendant did, or did not do, that violated his federal rights. If there are multiple defendants, Shiver should avoid referring to them collectively. For instance, if more than one defendant has taken a particular action that Shiver believes supports a claim, he should identify each defendant who took that action. Shiver also should identify by full name in the amended complaint's caption each individual that he wishes to sue. If Shiver doesn't know the name of an individual who allegedly violated his federal rights, he may name that individual as a Doe defendant in the amended complaint's caption and body. To the extent feasible, Shiver should give each Doe defendant as specific a name as possible, such as "John Doe Day Shift Correctional Officer," or "Jane Doe Night Shift Nurse."

ORDER

IT IS ORDERED that:

1. Plaintiff Gregg Shiver's complaint, Dkt. 1, is DISMISSED.

2. Plaintiff may have until October 16, 2026, to file an amended complaint that fixes the problems identified in this order.

3. The amended complaint will act as a complete substitute for the complaint. This case will proceed on only the allegations made and claims presented in the amended complaint, and against only the defendants specifically named in the amended complaint's caption.

4. If plaintiff fails to comply with this order, I may dismiss the case.

5. If plaintiff moves while this case is pending, he must inform the court of any new address. If he fails to do this and defendants or the court cannot locate him, this case may be dismissed.

6. The clerk of court is directed to send plaintiff a copy of the court's prisoner complaint package.

Entered September 17, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge